UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DEREK QUEEN et al.,** § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | **CIVIL ACTION NO. 12-cv-2049** |
| § | |
| **OCWEN LOAN SERVICING, LLC,** § | |
| § | |
| **Defendant.** § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Dismiss. (Doc. No. 3). This case is brought by Plaintiffs Derek Queen, et al. ("Plaintiffs"), who seek to enjoin a foreclosure of property. After considering the motion, all responses thereto, and the applicable law, the Court finds that Defendant's Motion to Dismiss must be **GRANTED.**

### I. BACKGROUND

In July 2006, Plaintiffs obtained a loan from Argent Mortgage Company on the property, 3313 Calumet Street, Houston, Texas 77004 (the "Property"). (Doc. No. 1, Ex. B pp. 3-7, *hereinafter* "Complaint" p. 2.) Argent Mortgage Company later conveyed the mortgage lien to Ocwen Loan Servicing, LLC ("Defendant"). (*Id.*) Plaintiffs do not contest that Defendant has a lien on the Property. (*Id.*) After Plaintiffs defaulted on the loan, Defendant served them with notice of a foreclosure sale. (*Id.*) Plaintiffs do not contend that Defendant failed to comply with statutory or common law foreclosure requirements. Rather, Plaintiffs acknowledge that Defendant was "in compliance with the

1

procedures surrounding a foreclosure sale." (*Id.*) The foreclosure sale was set for July 3, 2012. (*Id.*) The Harris County Court granted a temporary restraining order enjoining the foreclosure sale until July 13, 2012. (Doc. No. 1, Ex. B.) Though the temporary restraining order has expired, Defendant has not yet foreclosed on the Property.

Plaintiffs allege that Defendant refused to discuss payments to redress the delinquency, and charged interest and fees that added approximately $6,000 to the amount owed. (Compl. p. 3.) At the time of the scheduled foreclosure sale, Plaintiffs claim that the amount owed was in dispute. (*Id.*) Plaintiffs request that the Defendant be enjoined from foreclosing on the Property because they can "have another mortgage company in 60-90 days ready, willing and able to refinance the loan as soon as Defendant can produce an accurate payoff." (*Id.*)

Plaintiffs filed suit in state court, and Defendant timely removed to federal court. (Doc. No. 1.) Defendant then filed this Motion to Dismiss. (Doc No. 3.)

## II. LEGAL STANDARD

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must contain sufficient factual matter that, if it were accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim need not give rise to "probability," but need only plead sufficient facts to allow the court "to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A pleading also need not contain detailed factual allegations, but it must go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

While the court must accept well-pleaded facts as true, *Iqbal*, 556 U.S. at 678, it should neither "strain to find inferences favorable to the plaintiffs" nor "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A court should not evaluate the merits of the allegations, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III.  ANALYSIS

Plaintiffs seek to enjoin a foreclosure of the Property to allow themselves more time to refinance the debt. Defendant argues that this is not a cognizable claim, and the complaint should be dismissed because no cause of action has been pled.

#### A. Temporary Injunction

Plaintiffs request a temporary injunction enjoining Defendant from selling the property "so long as the Plaintiffs close on refinancing the property within a reasonable time." (Compl. p. 4.) "A preliminary injunction may be issued to protect the plaintiff from irreparable injury and to preserve the district court's power to render a meaningful decision after a trial on the merits." *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). Granting or refusing a temporary injunction is in the sound

discretion of the trial judge. *Nalco Chemical Co. v. Hall*, 347 F.2d 90 (5th Cir. 1965). In exercising that discretion, the judge "balances the conveniences of the parties and possible injuries to them according as they may be affected by the granting or withholding of the injunction." *Yakus v. United States*, 321 U.S. 414, 440 (1944); *Wooten v. Ohler*, 303 F.2d 759, 762 (5th Cir. 1962). The Fifth Circuit has also laid out four prerequisites for the "extraordinary relief of preliminary injunction." *Allison v. Froehlke*, 470 F.2d 1123 (5th Cir. 1972). The four prerequisites are as follows: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest. *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572-73 (5th Cir. 1974) (citations omitted).

Plaintiffs fail to plead the first prerequisite since they do not plead a claim on which they are likely to prevail on the merits. Plaintiffs seek to enjoin Defendant from foreclosure until they can refinance the Property. The purpose of the injunction is not to protect Plaintiffs from irreparable injury or maintain the status quo until a trial on the merits; it is simply to gain relief from foreclosure. There is no recognized cause of action under the Texas Property Code that would require a lien holder to allow a homeowner time to refinance property before a foreclosure sale. *See* Tex. Prop. Code § 51.002. Plaintiffs have not pled a legal claim and no extraordinary circumstance exists to warrant the issuance of a temporary injunction. Therefore Defendant's motion to dismiss this claim must be granted.

### B. Negligent Misrepresentation

Plaintiffs plead negligent misrepresentation in their response to the motion to dismiss. However, this is a new cause of action that was not raised in the complaint and cannot be pled for the first time in a response to a motion. The Court need not determine the merits of this claim at this time.

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss is **GRANTED.** Plaintiffs are granted leave to file an amended complaint, consistent with this Memorandum and Order, by October 29, 2012.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 19th day of October, 2012.

THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE